UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY PACE, an individual, | Case No. 2:20-cv-01468 |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| NORMANI GMBH, a German Limited Liability Company; NORMANI LOGISTIK GMBH, a German Limited Liability Company; and NORMAN SCHNELLER, an individual, | |
| Defendants. | |

Plaintiff Stanley Pace alleges for his complaint against Defendants Normani GmbH, Normani Logistik GmbH, and Norman Schneller, on personal knowledge as to his own activities and on information and belief as to the activities of others, as follows:

**Nature of the Controversy**

1. This is an action for reverse domain name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201 that Plaintiff Pace's registration and use of the internet domain name normani.com (the "Domain Name") does not violate any of the defendant's rights under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 et seq.

2. The Domain Name has been suspended by registrar Epik.com and is at immediate

COMPLAINT —1
[Case No. 2:20-CV-01468]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

risk of being transferred away from Pace by the actions of Defendants, who claims trademark rights to the Domain Name.

### Parties

3. Plaintiff Pace is an individual residing in Flower Mound, Texas.

4. Defendants Normani GmbH is a German Limited Liability Company with a principal place of business in Kaufungen, Germany.

5. Defendant Normani Logistik GmbH is a German Limited Liability Company with a principal place of business in Kaufungen, Germany.

6. Defendant Norman Schneller is an individual and resident of Germany. He is the CEO of both Normani GmbH and Normani Logistik GmbH.

### Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law, specifically reverse domain-name hijacking under 15 U.S.C. § 1114(2)(D)(v) and a declaratory judgment under 28 U.S.C. § 2201.

8. This Court has personal jurisdiction over Defendants because they consented to jurisdiction in this court by filing a complaint with the World Intellectual Property Organization (WIPO), which contains consent to jurisdiction of the district in which the domain name registrar's primary offices are located. The domain name registrar for the Domain Name is Epik. And Epik.com's headquarters are located in Sammamish, Washington.

9. This Court is the proper venue because Epik—the registrar for the Domain Name—has its primary office in Sammamish, Washington and, under 28 U.S.C. § 1391(b)(1) and (c), because Defendants are deemed residents of this district for venue purposes, as well as under subsection (b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district.

COMPLAINT — 2
[Case No. 2:20-CV-01468]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**Factual Background**

10. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark and asserts spurious claims of trademark infringement and trademark dilution against the owner of a domain name which is similar or identical to the registered trademark.

11. Pace is in the business of registering domain names and has accumulated over 60,000 words and phrases. Pace selects domain names that he believes are generic and clever or marketable, such as the personal name "Normani." Pace rarely sells these domain names and primarily offers them for lease.

12. Pace originally purchased the Domain Name—normani.com—on or about August 27, 2013.

13. Pace never tried to sell the domain name.

14. Defendants sell clothing and clothing accessories via a German-language website.

15. Defendants own German trademark registrations for the word mark "Normani" and stylized depictions of that name.

16. None of the defendants own any United States trademark registrations, nor do any of them have any United States trademark rights to the name "Normani."

17. "Normani" is primarily merely a surname.

18. The term "Normani" is also a female first name, recently brought to prominence by the singer Normani Kordei Hamilton.

19. The United States Patent and Trademark Office reflects that the word mark "Normani" is owned by Normani Hamilton, who is unrelated to any of the defendants.

20. The term "Normani" is descriptive of a person.

21. Upon information and belief, Defendants have not advertised in the United States.

22. United States consumers have no association of the word "Normani" with Defendants or their business selling clothes in Germany.

23. Defendants have not made sales to the United States.

24. There has been no unsolicited media coverage of any of the defendants or their

COMPLAINT —3
[Case No. 2:20-CV-01468]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

business in the United States.

25. Other businesses use the term "Normani" to sell clothing, including the website <hypebeast.com/tags/normani>, which advertises itself as the "the leading online destination for men's contemporary fashion and streetwear" and uses the term "Normani" to refer to editorial content about Normani Hamilton.

26. Pace did not copy the term "Normani" from Defendants.

27. Defendants have not established secondary meaning for the term "Normani."

28. Pace previously "parked" the Domain Name with Above.com. A parked domain name features advertisements and links based on internet searches for the domain name. Pace's parked web site at normani.com featured links to a variety of services, including hotels, agrotourism, travel, and shoes. No website associated with the Domain Name ever made reference to Defendants or their trademarks at any time.

29. On September 9, 2020, Defendants filed a complaint with the World Intellectual Property Organization (WIPO), thereby initiating an arbitration proceeding against Pace in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP"). The UDRP establishes a process for contesting domain name registrations using a system of private arbitrators that runs parallel to the Anticybersquatting Consumer Protection Act's declaratory-judgment provisions.

30. WIPO accepted the UDRP complaint and the registrar of the Domain Name locked it.

31. Pace's use of the Domain Name has not traded upon any goodwill or reputation enjoyed by Defendants as it relates to the products or services that Defendants offer, nor is there any possibility of confusion between Pace's use the Domain Name and the products offered by Defendants to the general public.

32. Pace's use of the Domain Name as his chosen domain name is a fair or otherwise lawful use of the term.

33. At no time did Pace trade upon or use Defendants' German trademarks for his business or use of the Domain Name or any other domain name.

COMPLAINT —4
[Case No. 2:20-CV-01468]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

34. At no time did Pace register or use the Domain Name in bad faith as defined by 15 U.S.C. §1125.

35. Because of Defendants' actions, Pace faces losing valuable rights in the Domain Name.

36. Due to the impending UDRP complaint, Pace is now forced to bring this action to protect his rights in the Domain Name. Pace has had to retain counsel and to incur substantial fees and costs to bring this suit.

37. Because the Domain Name has been suspended, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Pace's registration and use of the Domain Name is unlawful under the ACPA and the Lanham Act.

38. Based on the facts set forth herein, an actual controversy has arisen and now exists between Pace and Defendants about whether or not Pace's use of the Domain Name infringes Defendants' trademarks and/or constitutes trademark dilution and/or can serve as the basis for any relief under any Federal or state law.

39. Pace has never sold, transferred, or trafficked in the Domain Name.

40. At all times, Pace utilized the Domain Name in a bona fide manner for bona fide purposes, as it has consistently been "parked" at Above.com, a recognized company that parks domain names. Through Above.com, the Domain Name's website has displayed links to various other web sites not owned by Pace. None of these third-party web sites refer to or use in any manner Defendants' trademark.

41. Pace has never had any intent to divert consumers from Defendants' online location to a site accessible under the Domain Name that could harm the goodwill represented by the mark.

42. Pace's use of the Domain Name is a fair or otherwise lawful use of the term "normani."

43. Because of Defendants' actions and his claims of trademark infringement and dilution, Pace faces losing valuable rights in the Domain Name.

COMPLAINT —5
[Case No. 2:20-CV-01468]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**First Cause of Action**
**Declaratory Relief – 28 U.S.C. § 2201**
**No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

44. Pace re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

45. An actual controversy exists about whether Pace should be entitled to the the Domain Name—normani.com—under the Anticybersquatting Consumer Protection Act (ACPA).

46. The ACPA provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred under which the registrant may sue for a declaration that the registrant is not in violation of the ACPA and for injunctive relief, including the reactivation of the domain name.

47. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss of his domain name under the UDRP has a cause of action to seek an injunction returning the domain name if the registrant can show that the registrant is in compliance with the ACPA.

48. Pace did not register the Domain Name with the bad-faith intent to profit from the goodwill of Defendants' trademark, as "bad faith" is defined in the ACPA.

49. Pace is entitled to have the unencumbered use of the Domain Name, to have the Domain Name without any encumbrances, and to have all suspensions or transfers of the Domain Name terminated and prohibited.

50. Pace's good-faith purchase and use of the Domain Name was or should have been known to Defendants, yet Defendants did not take any action to acquire the Domain Name until seven years after Pace acquired it.

51. As a direct and proximate result of Defendants' UDRP complaint to WIPO, Pace has been and will continue to be damaged through his inability to fully use the Domain Name.

52. Unless this Court issues a declaratory judgment that Pace is entitled to maintain registration of the Domain Name, the dispute between Pace and Defendants will remain unresolved and the risk will remain that the Domain Name will be transferred from Pace to Defendants.

COMPLAINT —6
[Case No. 2:20-CV-01468]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

53. Pace has no adequate remedy at law.

54. Defendants' acts in trying to steal the Domain Name through a UDRP proceeding make this an exceptional case under 15 U.S.C. §1117(a) and Pace is thus entitled to an award of attorney's fees and costs.

**Second Cause of Action**
**Declaratory Relief – 28 U.S.C. § 2201**
**No Violation of Lanham Act, 15 U.S.C. § 1114(a)**

55. Pace re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

56. An actual controversy exists about whether Pace should be entitled to the Domain Name under the Lanham Act.

57. Pace's and Defendants' legal interests are adverse and create a present threat of litigation.

58. Defendants should be barred from enforcing any rights in their alleged mark under equitable principles because their unreasonable delay in enforcing their alleged rights prejudices Pace.

59. Pace's use of the Domain Name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of Pace with Defendants, or as to the origin, sponsorship, or approval by Defendants.

60. Defendants' acts in trying to steal the Domain Name through a UDRP proceeding make this an exceptional case under 15 U.S.C. §1117(a) and Pace is thus entitled to an award of attorney's fees and costs.

**Third Cause of Action**
**Reverse Domain Name Hijacking, 15 U.S.C. § 1114(2)(D)(v)**

61. Pace re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

62. Pace registered the Domain Name.

63. The Domain Name has been suspended under a policy implemented by a registrar as

COMPLAINT —7
[Case No. 2:20-CV-01468]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

described in 15 U.S.C. § 1114(2)(D)(ii)(II).

64. Defendants are the owner of the mark that prompted the Domain Name to be suspended.

65. Defendants have notice of the suspension action.

66. Pace's registration or use of the domain name is not unlawful.

## Request for Relief

Pace respectfully requests the following relief:

1. An order directing the Registrar Epik.com to take all action necessary to enable the Domain Name; to reactivate the Domain Name; to discontinue any suspension of the Domain Name; and to refrain from transferring the Domain Name from Pace to Defendants;

2. A judgment declaring that Pace's registration, use, and possession of the Domain Name neither infringes Defendants' trademarks nor dilutes the trademarks in any manner, nor constitutes a violation of any Federal or State law;

3. A judgment declaring that Pace may continue to use and enjoy the Domain Name without interference of any type by Defendants;

4. A judgment declaring that Defendants committed reverse domain-name hijacking;

5. A judgment, order, or injunction enjoining Defendants from interfering with or challenging Pace's registration, possession, or use of the Domain Name;

6. A judicial declaration that this is an exceptional case under the Lanham Act because Defendants initiated the UDRP proceeding with the bad-faith intent to use the legal system to steal the Domain Name from Pace;

7. An award of Pace's reasonable attorney's fees and costs incurred in bringing this action; and

8. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

COMPLAINT —8
[Case No. 2:20-CV-01468]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Dated: October 2, 2020

Respectfully submitted,

**Newman Du Wors LLP**

s/ Derek A. Newman
s/ Keith Scully
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Keith Scully, WSBA No. 28677
*keith@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Stanley Pace

COMPLAINT —9
[Case No. 2:20-CV-01468]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Stanley Pace respectfully requests a trial by jury of all issues so triable.

Dated: October 2, 2020  Respectfully Submitted,

**Newman Du Wors LLP**

s/ Derek A. Newman
s/ Keith Scully
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Keith Scully, WSBA No. 28677
*keith@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Stanley Pace

COMPLAINT —10
[Case No. 2:20-CV-01468]

**Newman Du Wors LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800